**IN THE UNITED STATES DISTRICT COURT FOR**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN**
**DIVISION**

VAL SKLAROV,

      Plaintiff,

          v.

FIRST BANK OF HIGHLAND PARK;
FIDELITY NATIONAL TITLE GROUP;
FIDELITY NATIONAL FINANCE; JILL
TAKIFF HIRSH; RANDY L. GREEN; and
ERIC A. EPHRAIM;

      Defendants.

Case No. 19-cv-02739

Honorable John Z. Lee

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

COMES NOW Plaintiff, VAL SKLAROV, by and through counsel undersigned, and hereby responds to Defendants' Motion to Dismiss. As such, Plaintiff respectfully requests that this court deny Defendants' Motion for the foregoing reasons.

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level."" *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The determination of whether a complaint states a claim upon which relief may be granted "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Further, the reviewing court must take the well-plead facts as true and view them in a light most favorable to the plaintiff. *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 742-3 (7th Cir. 2010).

## COUNT 1 – FORGERY

It is well established that for a claim of forgery to succeed, there are three elements that must be met: 1) a false writing or alteration of some instrument in writing; 2) an instrument apparently capable of defrauding; and 3) an intent to defraud. *Haffa v. Haffa*, 115 Ill. App. 2d 467, 472 (1969). As to the first element, a false writing or alteration of some instrument in writing, Plaintiff asserts that Contract for the Sale of Property, Exhibit C of the Complaint, is a false writing as it required Plaintiff's consent via signature and was never provided to Plaintiff until Plaintiff requested information regarding the illegal sale from Defendant in April of 2018. Additionally, though the Contract for the Sale of Property appears to be an offer from the potential buyers, this does not negate the fact that the property was indeed sold which would have required the consent and signature of the Plaintiff. As to the second element, an instrument apparently capable of defrauding, there is no doubt that a contractual agreement lacking the consent of one of the contracting parties is an instrument capable of defrauding. As to the third element, an intent to defraud, the fact that property was sold without Plaintiff's consent and Plaintiff never received any proceeds from that sale indicates that there was an intent to defraud. Furthermore, throughout the course of discovery, Plaintiff is confident that all documents relating to the sale of the property in 2012 will reveal further forgery as Plaintiff never consented to the sale.

As Defendant correctly states the Federal Rules of Civil Procedure require that some claims – fraud and forgery – be pled with particularity; however, Plaintiff disagrees with Defendant's argument that the Complaint fails to establish the "who, what, when, where, and how." *Ackerman v. Northwestern Mutual Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). The Complaint identifies the Defendants as the who, the sale of Plaintiff's property without his consent as the what, 2012 as the when, the property as to the where, and forgery, fraud, and misrepresentation as the how.

As such, Plaintiff's Complaint does not fail and establishes the facts necessary to proceed with this cause of action.

In regard to Defendant's assertion regarding the statute of limitations, the Complaint clearly states that Plaintiff did not consent of the sale at the time of the sale, 2012, and, further, Plaintiff did not receive any documents regarding the sale until April of 2018. Illinois Statutes Chapter 735, Civil Procedure § 13-215, Fraudulent concealment, states, "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterward." Given this, as the Plaintiff was unaware of the forgery prior to 2018 and Defendants made no effort to reveal the sale of the property to the Plaintiff prior to Plaintiff's request for documents in April 2018, the statute of limitations has not run and Plaintiff is well within the time frame for commencing this action.

### COUNT II – FRAUD AND MISREPRESENTATION

To succeed on a cause of action of fraud, the plaintiff must prove six elements: 1) a false statement of material fact; 2) the party making the statement knew or believed it to be untrue; 3) the party to whom the statement was made had a right to rely on the statement; 4) the party to whom the statement was made did rely on the statement; 5) the statement was made for the purpose of inducing the other party to act; and 6) the reliance by the person to whom the statement was made led to that person's injury. *Cramer v. Ins. Exch. Agency*, 174 Ill.2d 513, 528 (1996).

Defendant's Motion asserts that this cause of action fails given that Plaintiff provided limited details on the deposition and that Plaintiff could not have been induced to act by such statement given the deposition occurred in 2018 and the sale in 2012; however, the statements

from the deposition indicate that the Defendant follows the legal requirements for the sale of property. It does not seem unreasonable to infer from this statement that the Defendant, a well-established mortgage company, follows the legal requirements to sell property.

Additionally, Plaintiff did rely on an oral promise from the Defendant that the property would not be sold without Plaintiff's written consent. This statement clearly was false and, given that Defendant sold the property without Plaintiff's written consent, Defendant knew that statement to be untrue. Defendant also knew that by making such a statement, Plaintiff would be induced to act by way of adjusting his financial circumstances. Further, Plaintiff had a right to rely and did rely on that statement which, subsequently, led to injury.

Furthermore, Plaintiff re-asserts to its previous statements regarding the statute of limitations as Plaintiff has five years from the time the action was discovered to bring a claim. As Plaintiff only became aware of the fraud in 2018, Plaintiff's assertion of action is timely and proper as Plaintiff could not have commenced an action without knowledge such action existed.

## COUNT III – BREACH OF CONTRACT

As to the Breach of Contract action, there are four elements for this cause of action: 1) the existence of a valid and enforceable contract; 2) the breach of contract by the defendant; 3) the performance under the contract by the plaintiff; and 4) the resultant injury to the plaintiff. *Allstate Ins. Co. v. Winnebago County Fair Ass'n, Inc.*, 131 Ill. App. 3d 225, 233 (2d Dist. 1985). Defendant does not deny that Plaintiff has satisfied the first, second, and fourth elements of the breach of contract claim; rather, Defendant states in its motion that there is no indication of performance under the contract by the Plaintiff. Plaintiff wholly disagrees. As the original mortgage is dated August 10, 2007; whereas the modification increasing the mortgage is dated

October 2, 2007, this timeline is indicative of performance by the Plaintiff. It seems entirely unreasonable that the Defendants would allow for a significant increase in the mortgage amount had Plaintiff failed to perform in the first place. As such, the third element is satisfied along with the three other elements as the mortgage is a valid and enforceable contract, the Defendant sold the property without the consent of the Plaintiff, and as a result, Plaintiff suffered injury by way of monetary loss.

Furthermore, Defendant cannot disagree that the mortgage contract was made lawfully and in accordance with the laws of the state of Illinois. As such, by failing to properly terminate Plaintiff's interest in the real estate pursuant to Illinois Statutes Chapter 735, 5/1401-1405, Defendant breached the contract between the parties.

## COUNT IV – PROMISSORY ESTOPPEL

Finally, as to promissory estoppel, as stated in the Complaint, promissory estoppel is an offensive, equitable cause of action frequently asserted by a party as an alternative to a breach of contract claim. *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.*, 906 N.E. 2d 520, 524, 528 (Ill. 2009). Defendant fails to recognize in its Motion that this cause of action is based on Defendant's oral representation to Plaintiff that Defendant would not sell the property without Plaintiff's written consent. As this statement was not part of the actual mortgage contract, promissory estoppel is an appropriate cause of action. As such, in order to properly plead promissory estoppel, plaintiff must allege four elements: 1) defendant made an unambiguous promise to plaintiff; 2) the plaintiff relied on the promise; 3) the plaintiff's reliance was expected and foreseeable by defendant; and 4) the plaintiff relied on the promise to its detriment. *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.*, 223 Ill. 2d 46, 51 (2009). As to the first element, Defendant orally promised not to sell the property without Plaintiff's written consent. As to the

second element, Plaintiff relied on this promise and acted in accordance with this reliance by altering his financial circumstances. As to the third element, Plaintiff had no reason not to rely on Defendant's promise and it was foreseeable the Plaintiff would rely on a promise of such nature. And, finally, as previously stated, Plaintiff altered his financial circumstances on this reliance which resulted in significant monetary loss and emotional suffering. Therefore, promissory estoppel is a proper claim upon which relief can be granted.

## CONCLUSION

WHEREFORE, for all the reasons set forth above, Plaintiff respectfully requests that this court deny Defendants' Motion to Dismiss given that Plaintiff's claim can and should be granted relief.

Dated: June 4, 2020

*/s/ Jaitegh Singh*
Jaitegh Singh, Esq.
Attorney for Plaintiffs
Singh Law Firm
132 E. 43rd Street
Suite 618
New York, NY 10017
212-687-2578
jt@jtsinghlaw.com